UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RODNEY GREEN,** | : | **CIV. NO. 22-7270 (SDW)** |
| | : | |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| | : | |
| **OSCAR AVILES,** | : | |
| | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about December 19, 2022, Petitioner Rodney Green, a pretrial detainee who has confined in Hudson County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction based on ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 1). The Court administratively terminated this matter based on Petitioner's failure to pay the $5 filing fee or alternatively submit a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (ECF No. 3).

2. Petitioner has now submitted an IFP application that establishes his financial eligibility to proceed without payment of the filing fee, and the IFP application will be granted. (ECF No. 5).

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases under 28 U.S.C. § 2241 under Rule 1, scope of the rules,

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

4. Petitioner stated in his habeas petition that he has not yet appealed his conviction in the state courts. It appears Petitioner is awaiting sentencing. (ECF No. 1).

      5. Pretrial habeas jurisdiction under 28 U.S.C. § 2241 should be exercised only in extraordinary circumstances, and only after exhaustion of state remedies. *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). The Supreme Court has stated, "nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Moore v. DeYoung, 515 F.2d 437, 445 (3d Cir. 1975) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 491 (1973)). State courts "are equally with the Federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights" *Id.* at 443 (quoting *Fay v. Noia*, 372 U.S. 391, 418 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977), and *abrogated by Coleman v. Thompson*, 501 U.S. 722 (1991)).

      6. There is nothing extraordinary about a Sixth Amendment ineffective assistance of counsel claim that requires federal court interference in state criminal proceedings. *See, e.g., Lawson v. Warren*, No. CV 21-10732 (RBK), 2021 WL 4206296, at *2 (D.N.J. Sept. 16, 2021). Such claims may be adjudicated in post-conviction proceedings in state court, while retaining the ability to file a federal habeas petition under 28 U.S.C. § 2254 after state court remedies are exhausted. Therefore, this Court will decline to exercise pretrial habeas jurisdiction over this matter under § 2241, for failure to exhaust state court remedies. *See Lambert v. Blackwell*, 134 F.3d 506, 517 (3d Cir. 1997), as amended (Jan. 16, 1998) (the exceptional circumstances required for pretrial habeas jurisdiction under § 2241 must be "sufficient to excuse nonexhaustion.")

      An appropriate Order follows.

Date: February 24, 2023

/s/ Susan D. Wigenton
Hon. Susan D. Wigenton
United States District Judge